UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GLORIA J. WRIGHT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.:  2:04-CV-524-JTM |
| LAKE COUNTY SHERIFF'S DEPT., et al., | ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion of the Defendant Philpot for Sanctions [DE 23], filed by Defendant Thomas Philpot on July 17, 2005, and on a Motion of the Defendant Sgt. Vincent Kirrin and Officers Unknown for Sanctions [DE 24], filed by Defendants Sgt. Vincent Kirrin and Officers Unknown on July 19, 2005. On September 6, 2005, District Court Judge James T. Moody entered an Order [DE 28] referring the Motion of the Defendant Philpot for Sanctions and the Motion of the Defendant Sgt. Vincent Kirrin and Officers Unknown for Sanctions to the undersigned Magistrate Judge for a report and recommendation.

The Defendants seek to have Plaintiff Gloria Wright's case dismissed due to the Plaintiff's failure to comply with discovery requests and the Plaintiff's failure to submit to a court ordered physical examination. The Defendants also seek attorney fees.

On September 6, 2005, the undersigned Magistrate Judge conducted a Hearing on the Defendants' Motions for Sanctions. Counsel for the Defendants were present in person. Plaintiff, in violation of the Court's August 16, 2005 Order, failed to appear in person, but upon initiation by the Court, was able to participate telephonically in the Hearing.

At the Hearing, the Plaintiff represented that she moved her residence in May, 2005, from one address in Gary, Indiana to another address in Gary, Indiana, but did not notify her then counsel of record of her new address. Thus, the Plaintiff claims that she did not receive notice of the court ordered physical examination scheduled for July 7, 2005, until after the date of the examination. The Plaintiff represented to the Court, however, that she is willing to cooperate with the Defendants in rescheduling the physical examination.

On July 27, 2005, the Court granted the Plaintiff's attorneys leave to withdraw from this case. Thus, the Plaintiff is now proceeding *pro se*. The Plaintiff represented to the Court during the Hearing that she will likely not be hiring an attorney to represent her in this matter and will continue to proceed *pro se*. In response to the Defendants' allegations that the Plaintiff has failed to comply with the Defendants' written discovery requests, the Plaintiff indicated to the Court that she has the discovery requests in her possession and is willing to respond to such requests.

After reviewing the Defendants' Motions and hearing argument of the parties, the Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Defendants' Motions for Sanctions. The Court **RECOMMENDS** that the Motion of the Defendant Philpot for Sanctions and the Motion of the Defendant Sgt. Vincent Kirrin and Officers Unknown for Sanctions be **DENIED** as to the requested sanction of dismissal of the Plaintiff's case but **GRANTED** as to imposition of attorney fees. The imposition of attorney fees is subject to the submittal and court approval of affidavits setting forth a complete itemization of the attorney fees incurred by the Defendants with respect to the preparation of the Motions for Sanctions, the appearance of defense counsel at the September 6, 2005 Sanctions Hearing, and the attendance by defense counsel on July 7, 2005, for the court ordered physical examination of the Plaintiff.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Willis v. Caterpillar, Inc., 199 F.3d 902, 904 (7th Cir. 1999); Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994); The Provident Bank v. Manor Steel Corp., 882 F.2d 258, 260-261 (7th Cir. 1989); Lebovitz v. Miller, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

The parties are **ADVISED** that this Court, under separate Order issued on this same date, set forth new deadlines for the Plaintiff to respond to the Defendants' discovery requests and to the Motion to Dismiss currently pending before the District Court.

SO ORDERED this 9th day of September, 2005.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record