UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **GLORIA J. WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:04 CV 524 |
| | ) | |
| **LAKE COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT; ROGELIO DOMINGUEZ,** | ) | |
| in his official capacity as Lake County | ) | |
| Sheriff; **SGT. VINCENT KIRRIN,** | ) | |
| individually and in his official capacity as | ) | |
| a Lake County Sheriff's Officer; | ) | |
| **OFFICERS UNKNOWN,** individually and | ) | |
| in their official capacities as Lake County | ) | |
| Sheriff's Officers; and **THOMAS PHILPOT,** | ) | |
| in his official capacity as the Lake County | ) | |
| Clerk, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION and ORDER

Before the court are two more rocks on this case's bumpy road. Defendants Philpot, Kirrin, and Officers Unknown have filed a second motion for sanctions pursuant to FED. R. CIV. P. 37(b), and the same, plus Dominguez, have moved to dismiss pursuant to FED. R. CIV. P. 41(b). Plaintiff, who is proceeding in this case *pro se*, was already sanctioned once in the form of attorneys' fees for failure to submit to physical examination, answer requests for production, and respond to interrogatories. (Order, docket # 32.) After the sanction was imposed, Magistrate Judge Cherry set a deadline of October 11, 2005, to cooperate in discovery, which plaintiff did not meet. (Order, docket # 31.) At that time, defendants' filed the present motions. (Docket # 33-35.) Shortly

thereafter, this court extended the time for compliance to January 20, 2006, specifically informing plaintiff that failure to comply would result in dismissal, and reserved ruling on defendants' motions. (Minute entry preceding docket # 36, Dec. 20, 2005.) Magistrate Judge Cherry recently issued an order indicating that plaintiff has now complied significantly, though it appears not completely, with the court's order regarding discovery. (Order, docket # 50.) The court now revisits defendants' motions for sanctions and dismissal.

Under the FEDERAL RULES OF CIVIL PROCEDURE, federal courts have the power to sanction parties for violations of court orders regarding discovery. FED. R. CIV. P. 37(b). Punishment and deterrence are important considerations when determining whether to impose such sanctions. *Nat'l Hocky League v. Metro. Hockey Club, Inc.*, 472 U.S. 639, 642-43 (1976). Decisions related to imposing sanctions and choosing the appropriate type are entrusted to the trial court's discretion. *Tamari v. Bache & Co.*, 729 F.2d 469, 472 (7th Cir. 1984). Possible sanctions under RULE 37(b) include attorneys' fees caused by the failure to comply and dismissal, both of which defendants have requested. FED. R. CIV. P. 37(b)(2)(C)&(E).

Defendants' request for attorneys' fees is a reasonable and appropriate one. Though courts are often less demanding of parties representing themselves, *pro se* litigants do not enjoy "unbridled license to disregard clearly communicated court orders." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). The Seventh Circuit Court of Appeals has also frequently affirmed RULE 37 sanctions when a litigant has a history

of noncompliance. *See, e.g., Ladien v. Astrachan,* 128 F.3d 1051, 1056 n.5 (7th Cir. 1997); *Newman v. Metro., Pier & Exhibition Auth.,* 962 F.2d 589, 590-91 (7th Cir. 1992). This is the second time plaintiff has failed to cooperate with discovery. (*See* Defs.' First Mot. Sanctions, docket # 24.) Accordingly, the court grants defendants' second motion for sanctions with respect to attorneys' fees related to plaintiff's failure to comply with court order. The imposition of attorneys' fees is subject to the submission and court approval of affidavits setting forth a complete itemization of the attorneys' fees incurred by defendants related to the preparation of the motions for sanctions.

However, the court denies defendants' RULE 37(b) motion as to dismissal. Given the fact that plaintiff has now submitted to physical examination, answered defendants' requests for production, and answered most of defendants' interrogatories (*see* Magistrate Judge Cherry's order, docket # 50; Pl.'s filing, docket # 53), the court finds that dismissal is an inappropriate sanction. Though belated compliance with a discovery order does not preclude the imposition of sanctions, *see Miksis v. Howard,* 106 F.3d 754, 760 (7th Cir. 1997); *Housing v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002), defendants allege that they have been prejudiced only as to their ability to defend within the deadlines as they existed at that time. (Defs.' Second Mot. Sanctions ¶ 4.) It is the opinion of this court that the severe sanction of dismissal will not serve the purposes of RULE 37(b) considering the relatively slight prejudice defendants have sustained.

Defendants' motion to dismiss under Rule 41(b) is denied for the same reasons. A dismissal for failure to prosecute or to comply with court order is a drastic remedy to

be used only in extreme circumstances when other remedies would prove futile. *In re Bluestein & Co.,* 68 F.3d 1022, 1025 (7th Cir. 1995). The court finds that, so long as plaintiff continues to fulfill her obligations with respect to this case, dismissal is too drastic a remedy given the slight prejudice to defendants.

For the foregoing reasons, defendants' second motion for sanctions (docket # 35) is **GRANTED** as to attorneys' fees, but **DENIED** as to dismissal (docket # 35). Dominguez's motion to join the other defendants' RULE 41 motion is **GRANTED** (docket # 34), but the RULE 41 motion is **DENIED** (docket # 33).

For clarity's sake, this order in no way excuses plaintiff from her obligation to abide **fully and completely** with the court's previous orders regarding discovery. Failure to do so may result in additional sanctions, including dismissal. Plaintiff has been warned repeatedly of the possibility of dismissal, and no further warnings will be issued.

**SO ORDERED.**

ENTER: April 10, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT