### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| **GLORIA J. WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:04 CV 524 |
| | ) | |
| **LAKE COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>OPINION and ORDER</u>

The Clerk entered final judgment in this case on June 23, 2006, after entering the court's order granting defendants' motion for summary judgment. Now before the court is plaintiff's motion, filed a few days later, to vacate the judgment because it was entered while the parties were in the midst of reaching a settlement.

A unique set of facts surrounds this motion. This case began in December of 2004 when plaintiff filed her complaint against the Lake County Sheriff's Department and several other defendants, alleging (amongst other things) that she was falsely arrested and imprisoned because the police mistakenly believed she was someone else. Magistrate Judge Paul Cherry presided over the Rule 16 Preliminary Pretrial Conference on March 3, 2005. Docket entry # 13 details the outcome of that proceeding, including the following appointment and scheduled deadlines: "Final Pretrial Conference set for 6/29/2006 09:00 AM . . . . Anthony Bertig appointed as mediator. Results of the mediation shall be filed with the court no later than 10 days before the final pretrial conference."

The next 18 months saw various discovery problems and the imposition of sanctions on more than one occasion. On Tuesday, June 13, 2006, the parties met for their scheduled mediation with Bertig. The parties seemed to reach a tentative agreement to settle the matter for $12,000, but no agreement was signed because Bertig wanted to allow plaintiff, then unrepresented, the opportunity to think over the proposal and have the terms reviewed by counsel of her choice. Meanwhile, defense counsel David Saks was to prepare the paperwork related to the settlement, pending plaintiff's final approval. The deadline set by Magistrate Judge Cherry for the mediation report (Monday, June 19, 2006) came and went.

Mediator Bertig attests that on Friday, June 23rd, he received tentative settlement papers prepared by defense counsel Saks. The same day, plaintiff received a message from defense counsel that she should go to mediator Bertig's office on the following Monday to sign the documents. Bertig attests that on the 23rd, he also received a phone call from a woman claiming to be the plaintiff. The caller informed Bertig that she was rejecting the defendants' offer. Bertig asked the caller to put the rejection in writing and send it to him. Plaintiff filed a *pro se* motion in limine on June 23rd, seeking to prevent defendants from introducing her prior convictions as evidence at trial. (Docket # 64.)

Meanwhile, unaware of the events surrounding settlement negotiations, the court granted defendants' motion for summary judgment, and the Clerk entered the order onto the docket on Friday, June 23, 2006. (Docket # 61-62.) At that time, defense counsel Saks would have received electronic notification of the judgment, and a paper

2

copy would have been mailed to plaintiff. On Sunday, June 25th, mediator Bertig emailed defense counsel Saks, informing him that plaintiff had rejected the settlement offer by phone on the 23rd.

Plaintiff claims that on the morning of Monday, June 26th, she attempted to contact both defense counsel Saks and mediator Bertig to confirm the appointment to sign the documents that day. Shortly thereafter, defense counsel Saks telephoned plaintiff to inform her that the case had been terminated by way of summary judgment. At some point on the 26th, plaintiff contacted mediator Bertig's office, claiming that she did not call Bertig to reject the offer on the 23rd, surmising that perhaps her sister was the caller. On June 26th plaintiff also submitted the *pro se* filing now before the court entitled "Plaintiff's Motion to Re-State, Consummate, Finalize Settlement." (Docket # 66.)

Because plaintiff filed her motion within 10 days of judgment, the court construes plaintiff's *pro se* filing as a motion to alter or amend a judgment under FED. R. CIV. P. 59(e). *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). The court may grant a motion under RULE 59(e) if the movant presents newly discovered evidence that was not available at the time of judgment or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. *County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 819 (7th Cir. 2006). However, RULE 59(e) is not appropriately used to advance arguments or theories that could and should have been made before the court rendered judgment. *Id.*

The issue here is whether settlement discussions and negotiations, unknown to the court, are circumstances justifying the alteration of a final judgment based on the merits of the case. Though few courts have addressed this particular question, at least one court within the Seventh Circuit's purview has. In that case, the parties formed what the plaintiff considered to be a verbal settlement agreement while a motion to dismiss was pending before the court. The court, unaware of these developments, granted defendants' motion to dismiss the case mere days before the settlement papers were prepared. The court held that although the verbal settlement arrangement was unknown to the court at the time judgment was entered, it was not newly discovered evidence as contemplated by the RULE 59(e) because the formation of a settlement agreement is a circumstance completely unrelated to a judgment based on the merits of the case. *Clark v. Refco, Inc.,* No. 95 CV 4045, 1997 WL 630186, at *2 (N.D. Ill. Sept. 30, 1997).

The court finds this reasoning persuasive and holds that the same outcome is warranted in this case. In granting summary judgment for defendants, the court held that defendants had acted reasonably in detaining plaintiff because police records indicated that plaintiff had outstanding warrants associated with an alias. The parties' verbal settlement negotiations, unknown to the court, bear no relation to this judgment on the merits and do not constitute newly discovered evidence under RULE 59(e).

Plaintiff points out that mediator Bertig did not properly submit his mediation report by June 19th. However, even if Bertig had submitted a report, it would only have

4

revealed that plaintiff was considering the proposed terms of settlement and was also possibly having them reviewed by independent counsel. The agreement was still pending plaintiff's final approval. Plaintiff herself admits that after the mediation, when all parties seemed to agree on the general terms of a settlement, "Mr. Bertig informed me not to forget that there was a court date set for June 29, 200[6] at 9:00 am. [and] to let the courts know that Defendants and myself had settled." (Mot., docket # 66, at 1.) Plaintiff did not do so, even though judgment on defendants' motion for summary judgment was pending and the final pretrial conference was rapidly approaching. By not informing the court of her intent to settle, plaintiff took her chances that in the meantime the court would enter judgment in defendants' favor. That she would now prefer the settlement over the court's entry of judgment against her is not relevant to a RULE 59(e) analysis.

The court takes no position on whether plaintiff and defendants formed a settlement agreement or whether plaintiff did in fact reject the offer by telephone on June 23rd. These matters of state contract law are not for this court to decide.

For the foregoing reasons, plaintiff's "Motion to Re-State, Consummate, Finalize Settlement" (docket # 66), construed by the court as a a motion to alter or amend judgment under RULE 59(e), is **DENIED.** The final judgment entered on June 23, 2006, stands.

                                        **SO ORDERED.**

        **ENTER:** December 29, 2006

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT